1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

12
13
14
15
16
17

| UNITED STATES OF AMERICA, | ) | Civil No. 13-CV-2876-L |
|---|---|---|
| | ) | Criminal No. 12-CR-0287-L |
| Plaintiff-Respondent, | ) | |
| | ) | **ORDER DENYING MOTION TO** |
| | ) | **VACATE, SET ASIDE, OR** |
| v. | ) | **CORRECT SENTENCE PURSUANT** |
| | ) | **TO 28 U.S.C. § 2255** |
| MARCELO FONSECA BENITEZ, | ) | |
| | ) | **[28 U.S.C. § 2255]** |
| | ) | |
| Defendant-Petitioner. | ) | |

18
19    On December 2, 2013, Petitioner Marcelo Fonseca Benitez ("Petitioner") proceeding *pro*

20 *se*, filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. On

21 February 18, 2014, the Government filed a Response to Petitioner's motion. The Court has

22 reviewed the record, the submissions of the parties, and the supporting exhibits and, for the

23 reasons set forth below, **DENIES** Petitioner's motion.

24                                    **BACKGROUND**

25    Petitioner was charged by Indictment with one count of conspiracy to distribute

26 methamphetamine pursuant to 21 U.S.C. §§ 841(a)(1) and 846. On May 2, 2013, Petitioner pled

27 guilty to the charge pursuant to a written plea agreement. Under the terms of the plea agreement,

28 Petitioner agreed to waive any right to appeal or to collaterally attack his conviction and

sentence, unless the Court imposed a sentence in excess of the high end of the applicable guideline range.  (Plea Agreement; Gov't. Ex. 1; ¶ XI.)  On December 17, 2013, Petitioner was sentenced by this Court to 168 months followed by 5 years of supervised release.  In addition, Petitioner was assessed a $100 special assessment.

## ANALYSIS

As part of his plea agreement, Petitioner waived both the right to appeal and the right to collaterally attack the judgment and sentence.  A knowing and voluntary waiver of a statutory right is enforceable.  *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990).  The right to collaterally attack a sentence under § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition.  *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993).

The scope of a § 2255 waiver, however, may be subject to potential limitations.  For example, a waiver might be ineffective where the sentence imposed is not in accordance with the negotiated agreement, or if the sentence imposed violates the law.  *Id.*; *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1997).  Additionally, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was knowingly and voluntarily made.  *Navarro-Botello*, 912 F.2d at 321.  Finally, a waiver may not "categorically foreclose" a defendant from bringing § 2255 proceedings involving ineffective assistance of counsel or involuntariness of waiver.  *Pruitt*, 32 F.3d at 433; *Abarca*, 985 F.2d at 1014.  Unless Petitioner can demonstrate that one of these limitations to the validity of the waiver are applicable, this Court lacks jurisdiction to consider his collateral challenge to his conviction and sentence.  *See Washington v. Lampert*, 422 F.3d. 864, 871 (9th Cir. 2005) (recognizing that if sentencing agreement's waiver of the right to file a federal habeas petition under 28 U.S.C. § 2254 was valid, district court lacked jurisdiction to hear the case).

The Government contends that Petitioner knowingly and voluntarily waived his right to appeal and collateral attack.  The Court agrees and finds none of the potential limitations to the validity of the waiver are applicable in this case.

First, the sentence imposed was in accordance with the negotiated plea agreement and applicable sentencing guidelines. Petitioner's sentence of 168 months was based on a base offense level of 38 [U.S.S.G. § 2D1.1(a)(5)], plus 2 for importation of methamphetamine [U.S.S.G. § 2D1.1.(b)(5)], minus 2 for safety valve [U.S.S.G. §§ 2D1.1(b)(16) & 5C1.2], minus 3 for acceptance of responsibility [U.S.S.G. § 3E1.1], as agreed upon by the parties. (Plea Agreement, Gov't. Ex. 1, ¶X.) In the plea agreement, the Government agreed to recommend a sentence which was twelve months lower than what probation was recommending. (Transcript of Sentencing Hearing, Gov't. Ex. 6, at 6.) The Court sentenced Petitioner according to the negotiated terms of the plea agreement.

Second, the record of the disposition proceedings indicates that Petitioner knowingly and voluntarily entered into the plea agreement and that the requirements of Rule 11 were adhered to. Petitioner was advised of the right to maintain his plea of not guilty, he was advised of the rights he was giving up by pleading guilty, and he was specifically advised that he was waiving his right to appeal and collateral attack. (Transcript of Plea Hearing; Gov't. Ex. 2; at 5-6, 15-16.) The record further reflects that Petitioner was advised of the nature of the charge to which he was pleading guilty, the maximum possible penalty, and the Court's obligations with regard to the Sentencing Guidelines. (*Id.* at 7-8, 11-14.) During the proceedings, Petitioner clearly acknowledged his understanding of the terms of the plea agreement and the voluntary nature of his decision to enter into the plea agreement. (*Id.* at 15-17, 20.) The Court confirmed that the entire agreement was read to Petitioner in Spanish, that he had enough time to discuss it with his counsel, that counsel had explained the agreement to him, and that counsel had answered all of his questions. (*Id.* at 15.) Petitioner also affirmed that he was pleading guilty of his own free will and that he was, in fact, guilty as charged. (*Id.* at 16-17, 20.) Petitioner also affirmed that he was satisfied with the services of his counsel. (Plea Agreement, Gov't. Ex. 1, at 13.)

Finally, the Court finds that Petitioner's claim of ineffective assistance of counsel does not invalidate his waiver in this case. "A claim of ineffective assistance [of counsel] may be used to attack the voluntariness and hence the validity of a guilty plea." *United States v. Keller*, 902 F.2d 1391, 1394 (9th Cir. 1990); *Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985). To prevail on

an ineffective assistance of counsel claim, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The limitation against waivers is applicable to claims "based on counsel's erroneously unprofessional inducement of the defendant to plead guilty or accept a particular plea bargain." *Pruitt*, 32 F.3d at 433. In the context of guilty pleas, to satisfy the "prejudice" requirement "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. In considering this issue, there is a "strong presumption that counsel's conduct falls within a wide range of acceptable professional assistance." *Strickland*, 466 U.S. at 689. Moreover, *post-hoc* complaints about the strategy or tactics employed by defense counsel are typically found to be insufficient to satisfy the first prong of *Strickland*. *See, e.g., United States v. Simmons*, 923 F.2d 934, 956 (2nd Cir. 1991) (appellant's displeasure with strategy employed by trial counsel insufficient to establish ineffectiveness).

      Petitioner argues that defense counsel's performance was deficient because the presentence report contained incorrect criminal history information which was then repeated in the defense sentencing memorandum. (Motion under 28 U.S.C. § 2255, Doc. 244, at 4.) Such a claim is without merit. Petitioner fails to pinpoint the exact error that appears in the presentence report. Nevertheless, according to the defendant's criminal history, there is only one criminal conviction that appears in the petitioner's presentence investigation report. (Presentence Investigation Report, Ex. 3, at 8.) On March 15, 1994, at the age of 22, Petitioner was arrested and charged with grand theft involving money/labor/property. (*Id.*) Petitioner explained to the Senior US. Probation Officer preparing the presentence report that his friends "had invited him to work at a construction site and that they picked up lumber and the police were called." (*Id.*) Two days later, on March 17, 1994, Petitioner was sentenced to 10 days in jail along with 36 months of probation. (*Id.*) Petitioner never disputed this conviction with the Senior U.S. Probation Officer and "there is no reason to doubt its veracity." (*Opp'n.* at 8.) Furthermore, this conviction did not affect his criminal history score. (*Id.* at 16.) Petitioner then argues that the "false information" also appears in the sentencing memorandum. (Motion under 28 U.S.C. §

2255, Doc. 244, at 4.)  The only reference to Defendant's criminal history in Defendant's memorandum is a brief statement that he has no significant criminal history.  (Def. Sent. Memo. at 4.)  Further, Petitioner's prior conviction is only mentioned in passing during the sentencing hearing as "his limited criminal history."  (Transcript of Sentencing Proceedings, Ex. 6, at 5.)

Petitioner goes on to argue that counsel failed to show him the presentence report and sentencing memorandum prior to sentencing.  (Motion under 28 U.S.C. § 2255, Doc. 244, at 4.) Petitioner is correct that "[f]undamental fairness requires that a sentencing court give the defendant and his counsel an opportunity to see and challenge the presentence report." *U.S. v. Donn*, 661 F.2d 820, 823 (9th Cir. 1981). "A defense counsel's failure to show his client the presentence report falls below the standard of reasonably competent representation." *Id.* at 824. However, "[t]o demonstrate ineffective assistance, a criminal defense counsel's errors or omissions ... must have prejudiced the defendant." *Id.* at 824.  In *Donn*, Petitioner provided additional documentation to demonstrate that the "presentence report contained materially false information that the trial court relied on in sentencing." *Id.*  Counsel's failure to show the presentence report to Donn was clearly prejudicial. *Id.*  In this case, Petitioner fails to provide the specific allegations and documentation necessary to prove that the presentence report was misleading. *Id.* at 825.  Therefore, Petitioner cannot establish that counsel's failure to show him the presentence report and sentencing memorandum was prejudicial.  This claim is without merit.

Petitioner further argues that he was promised a time served sentence.  (Motion under 28 U.S.C. § 2255, Doc. 244, at 4.) The plea agreement, plea hearing, and sentencing proceedings do not mention a time served sentence or promise of such a sentence. In addition, Petitioner does not provide documentation or evidence indicating that he was promised a time served sentence. This claim is without merit.

The Court finds that none of the recognized limitations to a defendant's waiver of the right to bring a § 2255 motion are present in this case.   Accordingly, the collateral attack waiver provision in Petitioner's plea agreement will be enforced.

**EVIDENTIARY HEARING**

The court is not required to hold an evidentiary hearing when ruling on § 2255 motions. 28 U.S.C. § 2255; *Shah v. United States*, 878 F.2d 1156, 1159-60 (9th Cir. 1989). Section 2255 allows courts to forego such a hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *United States v. Racich*, 35 F.Supp. 2d 1206, 1221 (S.D. Cal. 1990). The Court finds an evidentiary hearing is not required in this matter because the records conclusively demonstrate Petitioner is not entitled to relief.

**CONCLUSION**

For the reasons set forth above, the Court finds that Petitioner has waived his right to collaterally challenge his conviction and sentence in this matter and his ineffective assistance of counsel claim lacks merit. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: August 7, 2014

_____
M. James Lorenz
United States District Court Judge

COPY TO:
Marcelo Fonseca Benitez
Reg. No. 29830-298
Western Region Detention Facility
220 West C Street
San Diego, CA 92101

Laura Duffy
U.S. Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101